ACCEPTED
07-17-00055-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/26/2017 3:40 PM
Vivian Long, Clerk

## No. 07-17-00055-CR

IN THE SEVENTH DISTRICT OF TEXAS
COURT OF APPEALS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/26/2017 3:40:34 PM
VIVIAN LONG
CLERK

### MELISSA GAY JONES
APPELLANT,
VS.
THE STATE OF TEXAS
APPELLEE

### APPELLANT'S BRIEF

Appeal from the District Court
of Childress County, Texas
100 JUDICIAL DISTRICT
HONORABLE STUART MESSER, JUDGE PRESIDING
DISTRICT COURT CASE NUMBER 5966

NO ORAL ARGUMENT
IS REQUESTED
SUBMITTED:

June 26, 2017

RESPECTFULLY

/s/ Earl Griffin, Jr.

EARL GRIFFIN, JR.
SBOT# 08471000
Attorney For Appellant
P.O. Box 730
Childress, Texas 79201
(940)937-6474
(940)937-6020 Fax
egriffinattorney@yahoo.com

{Appellant's Brief}                                              1

## CERTIFICATE OF SERVICE

I hereby certify that the following listed person(s) or entities have rights which may be adversely affected by the outcome of these appeals in this Court so that the Justice of this Court may review the same to determine the need for refusal or disqualification, if necessary, herein:

1.    The Appellant, MELISSA GAY JONES, Inmate Number 2112920, currently resides at Hobby Unit, 742 FM 712, Marlin, Texas 76661-4685, and may be served with process herein at the address of his Court Appointed Counsel and he is represented herein by the undersigned counsel whose address is shown on the front cover of this brief. The Appellant was represented at trial herein by Mr. Harley Caudle, Attorney-at-Law and his address is 800 West Avenue, Box 1, Wellington, Texas 79095;

2.    The Appellee, The State of Texas, is represented herein by its Criminal District Attorney for Childress County, Texas, Mr. Luke Inman, and his address is 800 West Avenue, Box 1, Wellington, Texas 79095, and he may be served with process at his address.

Respectfully submitted by,

/s/ Earl Griffin, Jr.
EARL GRIFFIN, JR.
Attorney for Appellant
SBOT#0847500
P. O. Box 730
Childress, Texas 79201
(940) 937-6474
(940) 937-6020 Facsimile
egriffinattorney@yahoo.com

# TABLE OF CONTENTS
## SUBJECT INDEX

**SUBJECT:**                                                                              **PAGE:**

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2-3

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

      Subject Index . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

Points of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Statement of the Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

Summary of the Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Arguments and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

      POINT OF ERROR NUMBER ONE . . . . . . . . . . . . . . . . . . . . . . . .10-11

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ABUSED ITS DISCRETION BY ASSESSING APPELLANT AN UNREASONABLE SENTENCE UNDER THE CIRCUMSTANCES OF THIS CASE (ENTIRE RECORD).

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11-12

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF CONTENTS
# INDEX OF AUTHORITIES

CASE:                                                                    PAGES:

Armijo v. State, 2005 WL 28492005 (Tex. App.- Amarillo, 2005)...... ... 10

Arriaga v. State, 335 S.W.3rd 331 (Tex.Civ.App.-2010, pet. ref'd)......... 11

Dale v. State, 170 S.W.3rd 797 (Tex.Civ.App.-2005, no pet.................. 11

Ex Parte Franklin, 2007 WL 2403338 (Tex.Crim.App.-2007)............... 11

Ex Parte Mabry, 137 S.W. 3rd 58 (Tex.Crim.App.-2004).................... 11

Ex Parte Young, 418 S.W.2nd 824 (Tex.Crim.App.-1967)..................... 11

Flournoy v. State, 589 S.W.2d 705, 709 (Tx.Cr.App.-1979)............... ...10

Hargesheimer v. State, 182 S.W. 3rd 906 (Tx.Crim.App.-2006)............... 10

Hill v. State, 2005 WL 2977776 (Tex. App.-Amarillo, 2005)................. 10

Hurley v. State, 130 S.W.3rd 501 (Tex.Civ.App.-2004, no pet.)............... 11

Martinez v. State, 2010 WL 3503548 (Tex.Civ.App.-Amarillo, 2010)...... 10

Mendez v. State, 2002 WL 31398811 (Tex.Civ.App.-2002).................. 10

State v. Manusco, 919 S.W.2nd 86 (Tex.Crim.App.-1996)................... 11

# CODES AND STATUTES

Tex. Penal Code § 12.35 (a)................................................... 11

| | | |
|---|---|---|
| MELISSA GAY JONES | }{ | IN THE COURT OF APPEALS |
| APPELLANT, | }{ | |
| | }{ · | |
| VS. | }{ | FOR THE SEVENTH COURT |
| | }{ | |
| THE STATE OF TEXAS | }{ | OF APPEALS DISTRICT |
| APPELLEE | }{ | OF TEXAS |

## APPELLANT'S BRIEF

TO THE COURT OF APPEALS:

COMES NOW, **MELISSA GAY JONES**, the Appellant in the above-styled and numbered causes, by and through his counsel of record on appeal herein, and submits in and to this Court his Brief on appeal herein complaining of errors of fact and law in the trial court below as follows:

For convenience, the Appellant, **MELISSA GAY JONES**, and the Appellee, THE STATE OF TEXAS will hereinafter be referred to as the "Appellant" and the "State" respectively throughout this brief hereinafter:

## STATEMENT OF THE CASE

On October 14, 2016, Appellant was given 4 years deferred adjudication for second degree felony burglary of a habitation, R. R. Vol. 1: P. 7, L. 22 – P. 8, L. 26.

On January 25, 2017, at an adjudication hearing Appellant pled true to violating her conditions of deferred adjudication by using controlled substances, R. R. Vol. 1: P.

10, l. 21-23; P. 11, l. 1-3, L. 16 – P. 12, L. 2; P. 13, L. 5-13, 22. Judge Stuart Messer found the allegations true, based in part upon her plea of true, and assessed punishment at 18 years in TDCJ-ID, R. R. Vol. 1: P. 64, l. 20-P. 65, L. 6.

Appellant appeals from said Judgment Adjudicating Her Guilt and the assessment of punishment, C.R.

## POINTS OF ERROR

### POINT OF ERROR NUMBER ONE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ABUSED ITS DISCRETION BY ASSESSING APPELLANT AN UNREASONABLE SENTENCE UNDER THE CIRCUMSTANCES OF THIS CASE (ENTIRE RECORD).

### STATEMENT OF THE FACTS

That part of this brief entitled "Statement of the Case" is resubmitted here the same as it set forth herein verbatim.

Marci Mills, CSCO for the 100th Judicial District, R.R. Vol. 1: P. 15, L. 13-25, testified that she explained the terms and conditions of probation to Appellant, R. R. Vol. 1: P. 18, L. 10-16 (State's Exhibits 1 & 2) and that Appellant signed such conditions, R. R.Vol. 1: P. 19, L. 15-22; Appellant signed an admission of use of a controlled substance, R. R. Vol. 1: P. 23, L. 12-22; that Appellant's problems stemmed

from her use of methamphetamine and that Appellant could benefit from treatment for her addiction, R. R. Vol. 1: P. 26, L. 24 – P. 27, L. 16.

Clay Conley, probation officer for 46th Judicial District, R. R. Vol. 1: P. 31, L. 2-20, testified that he supervised Appellant for about one month, R. R. Vol. 1: P. 32, L. 1-4; that Appellant signed an admission of use of controlled substance, R. R. Vol. 1: P. 34, L. 1-8; that Appellant suffered from her "drug problems", R. R. Vol. 1: P. 35, L. 19-24; that Appellant's problems with the law stemmed from her methamphetamine addiction, R. R. Vol. 1: P. 37, L. 2-4.

Paul Blodgett, deputy for Hardeman County, Texas, R. R. Vol. 1: P. 41, L. 17-25, testified that he arrested Appellant and she was charged with possession of a controlled substance in a correctional facility, R. R. Vol. 1: P. 45, L. 2-P. 46, L. 3.

Michael Warren, deputy for Childress County, Texas, R. R. Vol. 1: P. 49, L. 4-17, testified that he arrested Appellant for possession of a controlled substance, R. R. Vol. !: P. 51, L. 13-23.

Appellant testified in her own behalf, R. R. Vol. 1, P. 52, L. 1-2, that she was addicted to methamphetamine and had been for three years, which was the cause of her violations of her deferred adjudication, R. R. Vol. 1: P. 53, L. 1-12, that she wanted to have treatment for this addiction in order to overcome its effects upon her life, R. R. Vol. 1: P. 53, L. 13-25.

## SUMMARY OF ARGUMENT

The Trial Court abused its discretion by assessing Appellant an unreasonable sentence under the circumstances of this case.

## POINT OF ERROR NUMBER ONE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ABUSED ITS DISCRETION BY ASSESSING APPELLANT AN UNREASONABLE SENTENCE UNDER THE CIRCUMSTANCES OF THIS CASE (ENTIRE RECORD).

## ARGUMENT

For purposes of brevity and convenience that portion of this Brief entitled "Statement of Facts" is resubmitted hereunder in its entirety in support of these claims of error.

Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion, *Flournoy v. State*, 589 S.W.2d 705, 709 (Tx.Cr.App.-1979) {Taken from *Mendez v. State*, 2002 WL 31398811 (Tex.Civ.App.-2002).} See: Hargesheimer v. State, 182 S.W. 3rd 906 (Tx.Crim.App.-2006); Hill v. State, 2005 WL 2977776 (Tex. App.-Amarillo, 2005); Armijo v. State, 2005 WL 28492005 (Tex. App.- Amarillo, 2005); Martinez v. State, 2010 WL 3503548 (Tex.Civ.App.-Amarillo, 2010).

The Trial Court abused its discretion when it assessed Appellant 18 years in TDCJ-ID under the facts of this case, SEE Ex Parte Young, 418 S.W.2nd 824 (Tex.Crim.App.-1967); State v. Manusco, 919 S.W.2nd 86 (Tex.Crim.App.-1996); Ex Parte Franklin, 2007 WL 2403338 (Tex.Crim.App.-2007). {The writer acknowledges that the 18 year sentence was within the maximum statutorily prescribed range of punishment of 20 years and the line of cases holding therefore it is prima facie reasonable, Tex. Penal Code § 12.35 (a); Ex Parte Mabry, 137 S.W. 3rd 58 (Tex.Crim.App.-2004); Hurley v. State, 130 S.W.3rd 501 (Tex.Civ.App.-2004, no pet.); Dale v. State, 170 S.W.3rd 797 (Tex.Civ.App.-2005, no pet.} But the facts of this case mitigate strongly against the maximum sentence imposed, Arriaga v. State, 335 S.W.3rd 331 (Tex.Civ.App.-2010, pet. ref'd). The sentence, a sentence of within two years of the maximum statutory sentence, is disproportionately harsh in relation to the violations when such violations stemmed not from intentional criminal conduct but from an illness, addiction to methamphetamine.

Appellant should be granted a new trial herein.


## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant respectfully prays that Appellant be ordered released from confinement and returned to her original terms

of community supervision or released from confinement without conditions, or she be granted a new trial herein consistent with this Court's rulings herein.

Respectfully submitted by,

/s/ Earl Griffin, Jr.
EARL GRIFFIN, JR.
ATTORNEY FOR APPELLANT
P.O. Box 730
Hall, Texas 79201
(940) 937-6474
(940) 937-6020 Fax
State Bar No. 08471000
egriffinattorney@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Appellant's Brief has been mailed to the counsel for the state herein, Mr. Luke Inman, 100th District Attorney, 800 West Avenue, Box 1, Wellington, Texas 79095, on this the 26 day of June , 2017, in accordance with the rules governing same.

/s/ Earl Griffin, Jr.
Attorney for Appellant
egriffinattorney@yahoo.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Appellant's Brief is 2,019 words in its completion, signed on this 26 day of June , 2017, in accordance with the rules governing same.

/s/ Earl Griffin, Jr.
Attorney for Appellant
egriffinattorney@yahoo.com